SLEET, Judge.
Deborah Williams challenges her judgment and sentences for second-degree murder and aggravated assault. We affirm the trial court’s denial of her motion to withdraw plea without comment. However, we write to address Williams’ argument that the trial court erred when it failed to enter an order finding her competent to proceed after initially finding her incompetent to proceed. Though we affirm her judgment and sentences, we remand for the trial court to enter a written order of competency.
It appears that on November 2, 2011, the trial court held a hearing and determined that Williams was competent to proceed to trial, after finding her incompetent on August 10, 2011. However, the trial court failed to enter a written order finding Williams competent to proceed. See Corbitt v. State, 744 So.2d 1130, 1130 (Fla. 2d DCA 1999) (“[Wjhere the trial court has entered an oral finding that the defendant is competent, but no written order of competency has been entered, the proper remedy is to affirm the judgment and to remand the case to the trial court for entry of a nunc pro tunc order finding the defendant competent to stand trial.”). Accordingly, we remand for the trial court to enter a written order of competency, nunc pro tunc to November 2, 2011.
Affirmed, but remanded with instructions.
VILLANTI and WALLACE, JJ., Concur.